**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Aerick Elijah McCoy-Hill,

        Plaintiff,

   v.

Smith's Food & Drug Centers, Inc., et al.,

        Defendants.

Case No. 2:25-cv-00568-CDS-BNW

**ORDER**

Before this Court is Plaintiff's motion for leave to amend. ECF No. 15. Defendant opposed and Plaintiff replied. ECF Nos. 19 and 20. This Court set a hearing for July 29, 2025. ECF No. 22. The parties requested, by way of stipulation, to continue the hearing to a later date. ECF No. 23. As explained in more detail below, this Court will deny the motion without prejudice as (1) a motion to dismiss is pending arguing the store manager (irrespective of his or her identity) is not a proper defendant, and (2) in the event the motion to dismiss is denied, Plaintiff will need to obtain the correct identity and citizenship of the additional plaintiff which, in turn, will determine whether this Court needs to analyze leave to amend under 28 U.S.C. § 1447(e) or Rule 15. Lastly, the stipulation to continue the hearing is denied as moot.

**I.     BACKGROUND**

This case involves the slip and fall of Plaintiff at a Smith's store. Plaintiff filed a Complaint alleging Negligence and Negligent Hiring, Training, Retention and Supervision. Plaintiff named the following defendants: Smith's Food and Drug Centers, Doe Manager, and unknown Doe and Roe defendants. Plaintiff now seeks to amend the complaint, pursuant to Rule 15, to substitute "Alvin Avila" in place of the previously named "Doe Manager" as a defendant. Defendant opposes the amendment and argues, in relevant part, that (1) Alvin Avila was not the store manager at the time of the incident and (2) that Plaintiff is attempting to add the store manager in order to destroy subject-matter jurisdiction and remand the case to state court. In his reply, Plaintiff (1) requests the court to intervene and order the disclosure of the identity of the

store manager and (2) cites several cases for the proposition that he should be able to join Alvin Avila—or the correct manager during the time of the incident—even if the joinder destroys subject-matter jurisdiction and results in remanding the case to state court.

## II.    DISCUSSION

"There is a split in authorities, unresolved by the Ninth Circuit, on what standard governs the Court's decision whether to permit joinder of" defendants that would destroy diversity, Rule 15 or 28 U.S.C. § 1447(e). *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014); *see also Magana v. Archer Daniels Midland Co.*, No. 120CV00578NONESKO, 2021 WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021) (acknowledging that the Ninth Circuit has yet to resolve what standard governs this situation); *Armstrong v. FCA US LLC*, No. 119CV01275DADSAB, 2020 WL 6559232, at *3, n.3 (E.D. Cal. Nov. 9, 2020) (recognizing split).

Under Rule 15, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The standard for granting leave to amend is generous." *Corinthian Colls.*, 655 F.3d at 995. And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The language of § 1447(e) is

couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 691 (9th Cir. 1998).

The Court believes that the proper analysis of a motion to amend that would add defendants and destroy subject-matter jurisdiction is under 28 U.S.C. § 1447(e). While district courts in the Ninth Circuit have gone both ways, the Ninth Circuit's decision in *Newcombe*, 157 F.3d at 691, suggests that the proper analysis is under Section 1447(e). In *Newcombe*, after the case was removed, the plaintiff sought to add a defendant that would destroy diversity. *See id*. The district court denied the motion and the Ninth Circuit affirmed. *See id*. The Ninth Circuit cited Section 1447(e) (not Rule 15) and explained that

> [t]he district court considered the potential prejudice to Newcombe, balanced the equities, and determined that no injustice would occur. The district court, after stating that it was aware of its discretion under § 1447(e), concluded that Cassidy was not a crucial defendant in this case because Newcombe only sought (1) an injunction, which could only be enforced against the other defendants, and (2) money damages, which could be fully satisfied by the other defendants. In addition, the district court concluded that Newcombe would not suffer undue prejudice due to Cassidy's absence as a party because he could subpoena Cassidy to testify at trial, and if he so chose, he could still proceed separately against Cassidy in state court. We agree with these conclusions and therefore conclude that the district court did not abuse its discretion in denying Newcombe's motion to remand.

*Id*.

In two unpublished decisions issued since *Newcombe*, the Ninth Circuit has continued to apply Section 1447(e) in situations such as this (and not applied Rule 15). *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (applying Section 1447(e) and reasoning that "[b]ecause '[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder,' this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'") (citing *Newcombe*); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint . . . The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e)."). Based on these published and unpublished Ninth Circuit cases, this Court concludes that it must analyze the instant motion to amend under 28 U.S.C. § 1447(e).

It appears that at this juncture, Plaintiff has not properly identified who the store manager was at the time of the incident. Without that information, this Court cannot determine his or her citizenship, and by extension, whether to analyze this motion under Rule 15 or 28 U.S.C. § 1447(e).[1] As a result, this Court will order Plaintiff to propound discovery to obtain this information within 10 days of this Order and for Defendant to respond within 10 days of being served with the discovery request. Lastly, this Court believes it is prudent for Plaintiff to wait until the district court decides the motion to dismiss (which argues that, irrespective of the citizenship of the store manager, such person should not be joined as a defendant) in order to determine whether amendment is feasible.

## III.     CONCLUSION

**IT IS ORDERED** that the Motion for Leave to Amend (ECF No. 15) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Stipulation to extend the hearing (ECF No. 23) is **DENIED** as moot.

DATED: July 25, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court acknowledges Defendant's Motion to Dismiss in which it argues that, irrespective of the citizenship of the store manager, such person should not be joined as a defendant.